PROB 12C
(06/17)

November 27, 2017
pacts id: 202817

## UNITED STATES DISTRICT COURT
### FOR THE
## SOUTHERN DISTRICT OF CALIFORNIA

Received in Chambers

**Petition for Warrant or Summons for Offender Under Supervision**

DEC 0 5 2017

Roger T. Benitez
U.S. District Judge

**Name of Offender:** Jennifer Colabella (English)                 **Dkt No.:** 05CR00199-006-BEN

**Reg. No.:** 94260-198

**Name of Sentencing Judicial Officer:** The Honorable Roger T. Benitez, U.S. District Judge

**Original Offense:** 21 U.S.C. § 841(a)(1) Distribution of Methamphetamine, a Class A felony.

**Date of Sentence:** August 20, 2007

**Sentence:** 154 months' custody, to be served concurrently to the sentence in California Superior Court Case No. SCS179038, from 02/10/2005 to 08/20/2007; five (5) years of supervised release. *(Special Conditions: Refer to Judgment and Commitment Order.)*

**Modification:** On September 19, 2014 supervised release was modified to include a Fourth Amendment Waiver search condition.

**Type of Supervision:** Supervised Release          **Date Supervision Commenced:** April 17, 2015

**Asst. U.S. Atty.:** Christopher M. Alexander     **Defense Counsel:** Marc B. Geller
                                                                        (Retained)
                                                                        619-239-9456

**Prior Violation History:** Yes. See prior court correspondence.

## PETITIONING THE COURT

**TO ISSUE A NO-BAIL BENCH WARRANT**

PROB12(C)
Name of Offender: Jennifer Colabella                                          November 27, 2017
Docket No.: 05CR00199-006-BEN                                                          Page 2

The probation officer believes that the offender has violated the following condition(s) of supervision:

<u>**CONDITION(S)**</u>                                   <u>**ALLEGATION(S) OF NONCOMPLIANCE**</u>

**(Mandatory Condition)**
Not commit another federal, state, or local          1.  On or about November 3, 2017, Ms. Colabella stole a
crime. *(nv1)*                                            vehicle, in violation of California Vehicle Code
                                                         §10851(a), as evidenced by her arrest described the
                                                         Sycuan Tribal Police Department Incident Report,
                                                         Case No. 17-0306.

                                                     2.  On or about November 3, 2017, Ms. Colabella
                                                         possessed a stolen vehicle, in violation of California
                                                         Penal Code §496d (a), as evidenced by her arrest
                                                         described the Sycuan Tribal Police Department
                                                         Incident Report, Case No. 17-0306.

***<u>Grounds for Revocation:</u>***  I have received and reviewed the arrest report cited above, and I have spoken directly
with the Sycuan Police Department detective involved with the matter. I have also spoken to Ms. Colabella.
These were the sources of the following information:

On November 3, 2017, Sycuan Police discovered two motorcycles parked together in one of the casino's
parking structures. One of the motorcycle's ignition apparatus had been tampered with, or "punched" in
common parlance. Neither did that motorcycle have a license plate. An automated inquiry informed the officers
that the motorcycle had been reported stolen in July 2017.

The officers then reviewed surveillance camera footage with casino security staff. They observed that the two
motorcycles had arrived together, and that the stolen vehicle had been operated by a woman. Sycuan security
staff observed both riders playing slot machines in the casino. The female rider wore a black leather motorcycle
jacket over a red hooded sweat shirt.

As officers prepared to enter the casino, an unidentified male who had seen the uniformed officers near the
motorcycles approached to two riders and had a brief conversation with them. At that point, the two riders
separated; the female rider went to the casino's lower level and removed her leather jacket. She was thereafter
determined to be on an outbound shuttle bus from the property. Sycuan police stopped and boarded the bus.
They identified the female rider, placed her in handcuffs, and escorted her from the bus.

The rider was identified as the offender. Officers informed Ms. Colabella that she had driven a stolen
motorcycle to the casino the previous evening. She first asked the police how they knew that; when they
explained she had been captured on video, the offender claimed he was just test driving the vehicle and another
individual had put its keys on her key ring. Among the keys on Ms. Colabella's ring were a so-called "shaved
Key," which is used by vehicle thieves to start a motorcycle's tampered ignition; another key was to the
antilock device the offender had affixed to the stolen vehicle's front tire.

After officers apprised Ms. Colabella of her Miranda rights, she was interviewed by police, and the exchange
was recorded on video. At first the offender claimed she had been given the vehicle to test drive the previous

evening; it was reportedly given her by someone named "Aaron," about whom he could provide no more information. The offender claimed Aaron had provided her several vehicles to test drive, and that he had placed to keys on her key ring the night before.

Thereafter, Ms. Colabella was confronted by police with information derived from the man with whom he had arrived at the casino, Frank Becerra. At that point, the offender admitted she had, in fact, possessed the motorcycle for "two or three weeks." The offender elaborated that she had used the shaved key to start the engine.

Ms. Colabella was arrested and transported to San Diego County Jail. On November 3, 2017, a complaint was filed in San Diego County Superior Court, El Cajon Division, Case Number CE375864. It charged Ms. Colabella with violation of California Vehicle Code § 10851(a) Auto Theft, and of California Penal Code § 496d(a), Possession of a Stolen Vehicle, both felonies. At this time, the next scheduled hearing in that matter is not known.

The Court will note that earlier this year, Ms. Colabella legally changed her name to Jennifer Adams; it is under this name she was arrested and charged.

**(Standard Condition)**
The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer. *(nv16)*

3.  Ms. Colabella failed to notify the probation officer of her November 3, 2017 arrest within 72 hours.

***Grounds for Revocation:*** As described in the preceding, Ms. Colabella was arrested on November 3, 2017; she was detained for several hours, then released. She did not inform the probation officer of her arrest until she sent a text message on November 8, 2017.

**(Standard Condition)**
Not associate with any persons engaged in criminal activity, and not associate with any person convicted of a felony unless granted permission to do so by the probation officer. *(nv14)*

4.  On or about November 3, 2017, Ms. Colabella associated with Frank Becerra, a felon, without permission of the probation officer.

***Grounds for Revocation:*** The arrest report cited in allegation one depicts Ms. Colabella's association with Frank Faustino Becerra, a felon.

As described in the foregoing, Mr. Becerra accompanied Ms. Colabella to the casino on November 3, 2017. Pursuant to the stolen vehicle investigation, he too was detained and questioned by police. During questioning, Ms. Colabella told police that she had been in a relationship with Mr. Becerra for three years. Mr. Becerra also disclosed to the police that he and the offender are in a relationship. Ms. Colabella's keyring also bore a key to Mr. Becerra's home. With regard to the stolen motorcycle, Mr. Becerra told police that the offender had been driving it for approximately one month, and that she had admitted to him she knew the vehicle was stolen.

Frank Becerra has a lengthy criminal record, dating back to at least 1978. He has been arrested no fewer than 19 times, and has suffered several convictions. His personal history reflects various criminal conduct to include: felon in possession of a firearm; robbery with a firearm; assault with a deadly weapon; domestic violence;

PROB12(C)

Name of Offender: Jennifer Colabella                                                November 27, 2017
Docket No.: 05CR00199-006-BEN                                                                   Page 4

vehicle theft; receiving stolen property; burglary; resisting arrest possession of a controlled substance for sale; and parole violations.

The undersigned reviewed Bureau of Prisons records, to include telephone calls and electronic correspondence made by Ms. Colabella while she was in federal custody.  These records depict email correspondence to Mr Becerra in 2011, and at least one telephone call to him in 2010.

Ms. Colabella has been under supervision in this matter since April 2015.  Never has she disclosed to any probation officer her contact or relationship with Mr. Becerra.


**(Standard Condition)**
The defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer.

5. On November 7 and 14, 2017, Ms. Colabella failed to report to the probation officer as she had been instructed.

***Grounds for Revocation:*** On November 2, 2017, during a contact in the probation office, the undersigned instructed Ms. Colabella to report to the office on November 7, 2017.  She failed to appear as instructed, and neither did she respond to text messages sent to her by the undersigned.

On November 13, 2017, the undersigned spoke with Ms. Colabella by telephone. She was instructed to report to the probation office on November 14, 2017, and to provide documentation related both to her recent arrest and to her employment. Ms. Colabella did not report as instructed, neither did she call or otherwise notify the undersigned.

PROB12(C)
Name of Offender: Jennifer Colabella
Docket No.: 05CR00199-006-BEN

November 27, 2017
Page 5

## VIOLATION SENTENCING SUMMARY

### SUPERVISION ADJUSTMENT

In November of 2015, the Court was apprised that the offender had once tested positive for methamphetamine. Your Honor took no action, allowing Ms. Colabella to continue on supervision. Thereafter, she completed a cognitive behavioral intervention and complied with urine surveillance for more than one year.

In August 2017, the offender reported she had been laid off from her job in telemarketing. Since that time, Ms. Colabella has been evasive and vague about how she was spending her time, or how she planned to return to employment. A urine specimen she submitted in October 2017 was too dilute to analyze, but a subsequent specimen proved negative.

### OFFENDER PERSONAL HISTORY/CHARACTERISTICS

Ms. Colabella's criminal history is lengthy and serious. Dating back to 1994, the offender has been convicted multiple times for sales and possession of methamphetamine, several times while in possession of, or with access to, a firearm. She also has a conviction for vehicle theft. The offender has had numerous terms of community supervision revoked and has escaped from a custodial setting. She is a documented associate of the Mexican Mafia criminal organization and was married to Salvador Colabella, a documented member.

The offender has struggled with methamphetamine use through much of her adult life. For years, she admits to having been a daily user of the drug.

### SENTENCING OPTIONS

### CUSTODY

**Statutory Provisions:** Upon the finding of a violation, the court may modify the conditions of supervision; extend the term (if less than the maximum authorized term was previously imposed); or revoke the term of supervised release. 18 U.S.C. § 3583(e)(2) and (3).

If the court revokes supervised release, the maximum term of imprisonment upon revocation is 5 years. 18 U.S.C. § 3583(e)(3).

**USSG Provisions:** USSG §7B1.1(b), p.s., indicates that where there is more than one violation of the conditions of supervision, or the violation includes conduct that constitutes more than one offense, the grade of the violation is determined by the violation having the most serious grade. In this case the most serious conduct involves possession of a stolen vehicle which constitutes a Grade B violation. USSG §7B1.1(a)(1), p.s.

Upon a finding of a Grade B violation the court shall revoke supervised release. USSG §7B1.3(a)(1), p.s.

A Grade B violation with a Criminal History Category VI (determined at the time of sentencing) establishes an **imprisonment range of 21 to 27 months.** USSG § 7B1.4, p.s.

Since "the original sentence was the result of a downward departure ... an upward departure may be warranted" upon revocation. The court can depart from the available imprisonment range and impose a sentence of up to the statutory maximum of 60 months. USSG §7B1.4, p.s., comment. (n.4), and 18 U.S.C. § 3583(e)(3).

Finally, if supervised release is revoked and a term of imprisonment is imposed, the court shall order that the term of imprisonment be served consecutively to any sentence of imprisonment the offender may be serving. USSG §7B1.3(f), p.s.

## REIMPOSITION OF SUPERVISED RELEASE

If supervised release is revoked and the offender is required to serve a term of imprisonment, the court can reimpose supervised release upon release from custody. The length of such a term shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment imposed upon revocation. 18 U.S.C.§ 3583(h).

In this case, the court has the authority to reimpose a term of supervised release of any years up to life, less any term of imprisonment imposed upon revocation. 18 U.S.C. § 3583(k), and 21 U.S.C. §§ 841, 960.

## JUSTIFICATION FOR BENCH WARRANT

Ms. Colabella has apparently ceased reporting as instructed to the probation officer. She has a lengthy criminal history, decorated with previous episodes in which a period of community supervision was revoked for failure to follow a court's orders. There is persuasive evidence she is involved in new criminal conduct, and is in regular association with other felons.

Therefore, it seems reasonable to speculate that the offender would be unlikely to appear as instructed for any hearings before Your Honor. A bench warrant is recommended to ensure Ms. Colabella's presence in court to answer for the alleged violations.

## RECOMMENDATION/JUSTIFICATION

Jennifer Colabella could hardly be more familiar with the criminal justice system. She has repeatedly been subject to the expectations of community supervision. The offender has been intimately and sophisticatedly involved with numerous criminal enterprises.

Now, as described in the preceding, Ms. Colabella has admitted to being in possession of an obviously stolen vehicle, while she also possessed an illicit key to start the stolen motorcycle. Further, the offender admitted to a three year relationship with a convicted felon whose criminal record exceeds that of even her own. Ms. Colabella willfully and intentionally concealed this association from the probation office for the entirety of her supervision.

The conduct depicted herein constitutes willful and bold defiance of Your Honor's orders. The offender herself, more than many others, well understood the potential consequences to her if she were to be found in violation of the Court's orders. As such, an appropriate sanction is justified.

PROB12(C)
Name of Offender: Jennifer Colabella
Docket No.: 05CR00199-006-BEN

November 27, 2017
Page 7

Based on the foregoing, if the allegations herein are sustained, it is respectfully recommended that Your Honor find Ms. Colabella in violation and revoke her supervised release. A custodial term in the middle of the suggested range, 24 months, is recommended. Because the offender's criminal history includes ominous and potentially dangerous behavior, the community stands to benefit from continued court supervision of her. For that reason, and three year term of supervised release is recommended to follow; the same conditions, to include a Fourth Amendment Waiver search, are again suggested.

**I declare under penalty of perjury that the foregoing is true and correct.**

**Executed on:  November 27, 2017**

Respectfully submitted:
DAVID J. SULTZBAUGH
CHIEF PROBATION OFFICER

by

Sean Quintal
U.S. Probation Officer
(619) 409-5124

Reviewed and approved:

Kimberly A. Pelot
Supervising U.S. Probation Officer

PROB12CW

November 27, 2017

## VIOLATION SENTENCING SUMMARY

1. **Defendant:**  Colabella, Jennifer

2. **Docket No.** (Year-Sequence-Defendant No.):  05CR00199-006-BEN

3. **List Each Violation and Determine the Applicable Grade** (*See* USSG § 7B1.1):

| Violation(s) | Grade |
|---|---|
| possession of a stolen vehicle | B |
| auto theft | B |
| failure to notify probation officer of an arrest within 72 hours | C |
| unauthorized association with a felon | C |
| failure to report to the probation officer as instructed | C |
| | |
| | |
| | |

4. **Most Serious Grade of Violation** (*See* USSG § 7B1.1(b))    [   B   ]

5. **Criminal History Category** (*See* USSG § 7B1.4(a))    [   VI   ]

6. **Range of Imprisonment** (*See* USSG § 7B1.4(a))    [  21 to 27 months  ]

7. **Unsatisfied Conditions of Original Sentence**:  List any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation (*See* USSG § 7B1.3(d)):

Restitution ($) _____    Community Confinement _____

Fine($) _____    Home Detention _____

Other _____    Intermittent Confinement _____

PROB12(C)
Name of Offender: Jennifer Colabella
Docket No.: 05CR00199-006-BEN

November 27, 2017
Page 9

## THE COURT ORDERS:

_____  AGREE.  A NO-BAIL BENCH WARRANT BE ISSUED BASED UPON A FINDING OF PROBABLE CAUSE TO BRING THE OFFENDER BEFORE THE COURT TO SHOW CAUSE WHY SUPERVISED RELEASE SHOULD NOT BE REVOKED FOR THE ALLEGED VIOLATIONS.

_____  DISAGREE.  THE ISSUANCE OF A SUMMONS ORDERING THE OFFENDER TO APPEAR BEFORE THE COURT ON _____, AT _____, TO SHOW CAUSE WHY SUPERVISED RELEASE SHOULD NOT BE REVOKED.

_____  Other _____

The Honorable Roger T. Benitez
U.S. District Judge

Date 12/05/2017